# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**FREDDIE BURCH,**

    Petitioner,

vs.                                                          Case No. 4:12cv516-MW/CAS

**DEPARTMENT OF CORRECTIONS,**
**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On September 28, 2012, Petitioner Freddie Burch, proceeding pro se, filed a motion for enlargement of time, construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Petitioner filed an amended § 2254 petition. Doc. 13; *see* Docs. 3, 10.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254

Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

As this Court indicated in an earlier show cause order (Doc. 14), Petitioner states on his amended § 2254 petition that he was convicted and sentenced by the Second Judicial Circuit Court, Leon County, in 1990, following a jury trial. Doc. 13 at 1-2. Petitioner indicates he appealed his conviction and sentence to the First District Court of Appeal (DCA) and that court per curiam affirmed his case; however, Petitioner does not provide a case number or citation for that court's decision. *Id*. at 2. Petitioner indicates he did not seek rehearing, appeal, or file a petition for writ of certiorari. *Id*.

Petitioner further indicates he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in the Second Judicial Circuit, Leon County, on October 7, 1993. *Id*. Petitioner indicates he appealed the denial of that motion to the First DCA and, on July 12, 1994, that court reversed and remanded for the trial court to provide attachments from the record. *Id*. at 3. Petitioner indicates he did not file any other petitions or motions in the state court. *Id*. Petitioner also indicates he has not previously filed a § 2254 petition regarding the validity of this state court judgment. *Id*.

A search on the website of the First DCA reveals a direct appeal, in a consolidated case, that appears to fit Petitioner's information, and assigned case

numbers 90-3296 and 91-107.  *See* website for First DCA at www.1dca.org.  The First DCA issued per curiam affirmances in those cases on January 16, 1992, with the mandates issued February 3, 1992.  *See id.*; Burch v. State, 592 So. 2d 1091 (Fla. 1st DCA 1992) (table).

On his amended § 2254 petition, Petitioner also indicates he filed a Rule 3.850 motion on October 7, 1993, and appealed the denial of that motion to the First DCA.  Doc. 13 at 2-3.  Again, Petitioner does not provide case numbers or citations.  A search on the First DCA website reveals two appeals from the denial of a Rule 3.850 motion that appear to fit Petitioner's information, one with case number 1D94-789 and the other with case number 1D94-3249.  *See* website for First DCA at www.1dca.org.  The first case was reversed and remanded on July 12, 1994, for further consideration concerning Petitioner's argument that the trial court erred in the computation of his sentencing guidelines scoresheet and in using multiple scoresheets.  *See* Burch v. State, 640 So. 2d 95 (Fla. 1st DCA 1994).  In particular, the court reversed and remanded for an evidentiary hearing or for record attachments conclusively showing Petitioner was not entitled to relief.  *Id*. at 96.  Petitioner does not indicate exactly what happened on remand, stating only "I didn't do the original 3.850 and know nothing about law.  But I do know now that the attachments the lower court made didn't refute the scoresheet and other errors."  Doc. 13 at 3.

The second appeal involving a Rule 3.850 motion, case number 1D94-3249, was filed October 6, 1994.  *See* online docket for 1D94-3249 at www.1dca.org. The First DCA issued a per curiam affirmance without opinion on May 24, 1995, and the mandate

issued June 9, 1995.  *See id.*; Burch v. State, 654 So. 2d 1166 (Fla. 1st DCA 1995) (table).

From the information Petitioner had provided in his amended § 2254 petition, it appeared this § 2254 petition was untimely.  Accordingly, the Court directed Petitioner to show cause, if any there be, why his petition should not be summarily dismissed.  Doc. 14.

Petitioner has filed a response to this Court's show cause.  Doc. 15.  Petitioner "confesses to error on his part, in answering the questions concerning any and all motions filed . . . in state court." *Id*. at 1.  Petitioner indicates that he failed to mention that, in addition to filing a Rule 3.850 motion in 1993, he also filed a Rule 3.800(a) Motion to Correct Illegal Sentence in 2009 or 2010.  *Id*.  Petitioner indicates the Rule 3.800(a) motion concerned case number 1987-CF-56252 and the denial was appealed and assigned case number 1D11-2660 in the First DCA.  *Id*.  Petitioner states this "is the sole reason for filing the instant petition." *Id*.  Petitioner explains that a Rule 3.800 motion can be filed at any time.  *Id*.  Petitioner also indicates that this is his first § 2254 petition and asks this Court to accept it as timely.  *Id*. at 2.

## Analysis

As this Court indicated in the show cause order (Doc. 14), there is a one-year limitations period for filing a § 2254 petition, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244(d)(1).  In this case, because Petitioner's conviction was final before April 24, 1996, the effective date of AEDPA, the one-year grace period for filing a § 2254 petition began to run on that date.  Wilcox v.

Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998); see Johnson v. United States, 544 U.S. 295, 299 (2005) (acknowledging federal courts of appeal have uniformly given "prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date"). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. 28 U.S.C. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

From the information provided, Petitioner did not file anything after April 24, 1996, until he filed a Rule 3.800(a) motion in state court in 2009 or 2010. Doc. 15. That motion was filed more than ten (10) years after the time expired for filing a § 2254 petition, and could not toll the limitations period which had expired. *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Petitioner does not appear to allege entitlement to equitable tolling and, even if he has so alleged, he has failed to demonstrate his entitlement thereto, or application of any other exception to the time bar.

## Conclusion

For the reasons stated above, this § 2254 petition is untimely. Therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 13) be **SUMMARILY DISMISSED** as untimely, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

Case No. 4:12cv516-MW/CAS

**IN CHAMBERS** at Tallahassee, Florida, on July 1, 2013.

                              s/ Charles A. Stampelos
                              **CHARLES A. STAMPELOS**
                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**